UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Robert Turner,  No. 13-cv-2137 (ADM/LIB)

          Plaintiff,

  vs.  **REPORT AND RECOMMENDATION**

Carolyn W. Colvin, Acting
Commissioner of Social Security,

          Defendant.

* * * * * * * * * * * * * * * * * *

This matter came before the undersigned United States Magistrate Judge upon the routine supervision of cases that pend before us, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A). For the reasons set forth below, the Court recommends that this case be **DISMISSED without prejudice**.

Robert Turner ("Plaintiff"), proceeding *pro se*, commenced this action on or about August 7, 2013, by filing a Complaint with the Clerk of Court. (See Docket No. 1). By this action, Plaintiff seeks review of the final decision of the Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), which denied his Application for Disability Insurance Benefits. Id.

On November 12, 2013, the Commissioner filed her Answer, [Docket No. 6], and a certified copy of the Transcript of the Administrative Record in this matter, [Docket No. 7]. However, the Commissioner did not serve those documents on Plaintiff until December 6, 2013. (Certificate of Service [Docket No. 9]). Thus, in accordance with the Local Rules of the U.S. District Court for the District of Minnesota,[1] the Court Ordered that Plaintiff file and serve his Motion for Summary Judgement by no later than February 4, 2014. (Order [Docket No. 11]).

Subsequently, on February 12, 2014, after more than 60 days passed and Plaintiff had not made a Motion for Summary Judgment, this Court gave Plaintiff an additional 10 days to show good cause for an extension of time to make such a motion. (Order [Docket No. 12]). Additionally, the Court advised Plaintiff: "In the absence of good cause shown, the Court may recommend that this action be dismissed for failure to timely file the Plaintiff's Motion for Summary Judgment, and for failure to prosecute." (Id. at 2).

More than 10 days have passed since this Court issued its Order, [Docket No. 12], and as of today's date, Plaintiff has neither made his Motion for Summary Judgment, nor presented the Court with good cause why his case should not be dismissed for failure to comply with this Court's Order, [Docket No. 12], and for failure to prosecute.

---

[1] See L.R. 7.2 (plaintiff's motion for summary judgment due 60 days after plaintiff is served with the defendant's answer and the administrative record).

Based upon the above, and upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**: That Plaintiff's Complaint, [Docket No. 1], be **DISMISSED without prejudice**.

BY THE COURT:

Dated: February 27, 2014         /s/ Leo I. Brisbois
                                 Leo I. Brisbois
                                 U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rules 7.2(b)(3) and 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by March 13, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections with **fourteen (14) days** of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.